UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:17-cv-06006-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court reverses and remands defendant's decision to deny benefits for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On July 1, 2014, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging that he became disabled beginning June 26, 2014. Dkt. 6, 12 (Supplement), Administrative Record (AR) 81, 95, 168-201. The claim was denied on initial administrative review and on reconsideration. AR 109-12,114-15.

A hearing was held on September 21, 2016. AR 55-80, 720-51. In a written decision dated November 14, 2016, the ALJ determined that plaintiff was not disabled. AR 17-37. The

ORDER - 1

ALJ documented his analysis at each of the five steps of the Commissioner's sequential disability evaluation process. AR 17-37.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of June 26, 2014. AR 22. At step two, the ALJ found plaintiff had the following severe impairments: affective disorder, obesity, mild bilateral degenerative joint disease of the knees, and bilateral plantar fasciitis. AR 22. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 23-24. The ALJ then considered plaintiff's residual functional capacity (RFC) and found at step four that he could perform his past relevant work as a sanitation worker and video rental clerk. AR 32. The ALJ also determined that other jobs exist in the national economy that plaintiff is able to perform, and therefore the ALJ made an alternative finding at step five: that plaintiff would be able to perform requirements of the jobs of parking lot cashier, laundry worker, and production assembler. AR 33.

Plaintiff's request for review was denied by the Appeals Council on October 6, 2017, AR 1-7, making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed to this Court. Dkt. 1.

Plaintiff seeks reversal of the ALJ's November 14, 2016, decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing the ALJ erred: (1) in evaluating the medical opinion evidence; (2) in evaluating plaintiff's testimony; and (3) in finding plaintiff is able to perform past relevant work. Dkt. 8. The Court agrees the ALJ erred, and the appropriate remedy is reversal and remand for further administrative proceedings.

## DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error;

ORDER - 2

or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill,* 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.,* 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers,* 846 F.2d at 576).

If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir. 1984) (quoting *Rhinehart v. Finch,* 438 F.2d 920, 921 (9th Cir. 1971)). The Court, however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn,* 495 F.3d at 630.

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

I. <u>ALJ's Evaluation of the Medical Opinion Evidence</u>

Plaintiff challenges the ALJ's decision discounting the opinions of examining psychologist, Dr. Kathleen Mayers, Ph.D., and treating physician, Dr. Albert Luh, M.D. Dkt. 8 at 5-10.

Three types of physicians may offer opinions in Social Security cases: "(1) those who treat[ed] the claimant (treating physicians); (2) those who examine[d] but d[id] not treat the

ORDER - 3

claimant (examining physicians); and (3) those who neither examine[d] nor treat[ed] the claimant (non-examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion is generally entitled to more weight than the opinion of a doctor who examined but did not treat the plaintiff, and an examining physician's opinion is generally entitled to more weight than that of a non-examining physician. *Id.* A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo*, 871 F.3d at 675. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (internal citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012-13. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).

A. <u>Examining psychologist, Dr. Mayers</u>

In September 2014, Dr. Mayers evaluated plaintiff. AR 436-42. Dr. Mayers diagnosed plaintiff with specific learning disorder with impairment in mathematics and possibly other areas, major depressive disorder, and probably past alcohol use disorder. AR 440. Dr. Mayers opined plaintiff is capable of understanding, remembering, and carrying out two to three-stage instructions, generally able to interact with others in a work setting, likely able to tolerate minor changes in a competitive work situation, and—if pain did not interfere and if plaintiff were not required to use academic skills—possibly able to maintain attention and concentration through a normal eight-hour workday. AR 441.

The ALJ gave Dr. Mayer's opinion partial weight. AR 30. The ALJ found Dr. Mayers' opinion regarding plaintiff's ability to perform three-step commands is well supported by the record, and the record shows plaintiff's social abilities are greater than Dr. Mayers believed them to be. AR 30. Plaintiff does not challenge the ALJ's reasons for assigning partial weight to Dr. Mayers' opinion, but argues the ALJ did not include all of Dr. Mayers' assessed limitations in the RFC or provide specific and legitimate reasons[1] to reject those limitations. Dkt. 8 at 5-6. Plaintiff argues the ALJ did not include or reject Dr. Mayers' opinion that plaintiff is likely to tolerate minor changes in a competitive work situation and that plaintiff might be able to

---

[1] Dr. Mayers' opinion was contradicted by Dr. Thomas Clifford, Ph.D., who opined plaintiff could carry out routine work-related tasks. Thus, the ALJ was required to articulate specific and legitimate reasons supported by substantial evidence in the record to discount Dr. Mayers' opinion. *Trevizo*, 871 F.3d at 675.

maintain attention and concentration (if pain did not interfere and academic skills were not required) in his RFC. Dkt. 8 at 5-6.

As the ALJ did not reject Dr. Mayers' opinion, he was required to include Dr. Mayers' limitations regarding plaintiff's ability to tolerate minor changes in the workplace if pain did not interfere and if he were not required to use academic skills, plaintiff may be able to maintain attention and concentration in a normal eight-hour workday. AR 30, 440-41; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (stating that the ALJ was required to include in his RFC assessment claimant's limitations unless ALJ gave reasons for rejecting). Here, the ALJ's RFC assessment does not address plaintiff's ability to adapt to changes in the workplace, even though Dr. Mayers stated that plaintiff would only be able to tolerate minor changes. AR 30. Moreover, the ALJ's RFC assessment does not account for Dr. Mayers' opinion that plaintiff could maintain attention and concentration if pain did not interfere and plaintiff was not required to use academic skills. Thus, the ALJ erred by failing to include or reject to Dr. Mayers' limitations findings in his RFC determination.

Defendant argues that even if the ALJ erred, any error with respect to Dr. Mayers' opinion is harmless. Dkt. 15 at 5-6. "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties'

ORDER - 6

'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

As discussed above, the ALJ's RFC assessment makes no mention of the limitations described by Dr. Mayers related to plaintiff's ability to tolerate minor changes in the workplace, and his ability to maintain attention and concentration if pain does not interfere, and that plaintiff is not required to use academic skills. AR 24, 30. The ALJ did not reference these limitations in the hypothetical posed to the vocational expert ("VE"). AR 747-50. Defendant argues the error is harmless because the jobs the ALJ named at step five do not require academic skills or the ability to tolerate more than minor changes in a competitive work situation, and cites to the Dictionary of Occupational Titles (DOT) description for a parking lot cashier, laundry worker, and production assembler, which the ALJ found plaintiff could perform, in support of this argument.[2] Dkt. 15 at 7 (citing DOT 211.462.010, DOT 706.687-010, DOT 361.687.010).

First, as identified by the VE, the jobs involve simple, routine tasks, AR 747, but the descriptions do not describe the level of change in work environment. *See* DOT 211.462.010, DOT 706.687-010, DOT 361.687.010. Moreover, while the parking lost cashier, laundry worker, and production assembler jobs are "unskilled," the descriptions do not necessarily show that the jobs do not require *any* academic skills. *See id.* For example, the cashier position requires computing bills and itemized lists reading and recording totals on cash registers and verifying

---

[2] Defendant also asks this Court to uphold the ALJ's decision for a reason the ALJ did not state. Defendant contends that the ALJ did not include Dr. Mayers' assessed limitations because plaintiff's pain did not interfere with attention and concentration. Dkt. 15 at 5-6. However, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Following these principles, the Court declines to review the post-hoc reason defendant offers for the ALJ's decision. In addition, defendant does not argue how, if at all, the record shows plaintiff would not have pain-related attention and concentration problems while taking over over-the-counter pain medication. *See* Dkt. 15.

ORDER - 7

that amount against cash on hand, which are arguably mathematical and academic skills. *See* DOT 211.462.010; *see also* DOT 706.687-010 (production assembler requires placing parts in a "specified relationship to each other[,]" which is rooted in the concept of mathematical skills of sorting and patterning); DOT 361.687-010 (laundry worker requires counting key-tags and comparing and counting laundry ticket numbers, also related to mathematical skills).

Because neither the RFC assessment nor the VE hypothetical fully account for Dr. Mayers' opinion, the Court cannot find that the ALJ's error is harmless. On remand, the ALJ must reconsider the entirety of Dr. Mayers' opinion and either credit it fully and account for all of the limitations in the RFC assessment, or provide legally sufficient reasons to discount it.

B. <u>Treating physician, Dr. Luh</u>

In August 2016, Dr. Luh found that plaintiff suffers from complications from severe obesity including bilateral plantar fasciitis, sleep apnea, and pre-diabetes. AR 461. Dr. Luh opined that plaintiff could lift and carry up to 20 pounds occasionally and ten pounds frequently. AR 460. Dr. Luh opined that plaintiff can sit up to four hours, stand one hour, and walk one hour in an eight-hour work day. AR 460. Dr. Luh opined plaintiff cannot bend, squat, or crawl, and can occasionally climb and reach above shoulder level. AR 461. Dr. Luh opined plaintiff is likely to miss more than four days of work per month. AR 461.

The ALJ gave Dr. Luh's opinion "limited weight" weight for three reasons: (1) Dr. Luh did not describe any objective medical evidence or clinical observations to support the opined limitations; (2) the objective medical evidence, including Dr. Luh's own treatment notes, did not support the opined limitations; and (3) Drs. Robert Hander, M.D., and Robert Bernandez-Fu,, M.D., who had the opportunity to review the record, have greater persuasive value than Dr. Luh. AR 30-31.

ORDER - 8

Dr. Luh's opinion was contradicted by the opinion of Dr. Hander (who opined plaintiff could perform work light work, AR 102-03); thus, the ALJ was required to articulate specific and legitimate reasons supported by substantial evidence in the record to discount his opinion. *Trevizo*, 871 F.3d at 675.

    1.    *Lack of Support*

The ALJ first assigned limited weight to Dr. Luh's opinion because it lacked support for the limitations assessed. AR 30-31. Dr. Luh's opinion was completed on a "Physical Capacities Evaluation" form. AR 460-61.

An ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). However, discrediting a doctor's opinion simply because she used a check-box form is not valid unless that opinion is inconsistent with the underlying clinical records. *See Garrison*, 759 F.3d at 1014 n.17 ("the ALJ was [not] entitled to reject [medical] opinions on the ground that they were reflected in mere check-box forms" where the "check-box forms did not stand alone" but instead "reflected and were entirely consistent with the hundreds of pages of treatment notes").

Here, contrary to the ALJ's finding, when asked to provide remarks regarding plaintiff's functional limitations, Dr. Luh noted plaintiff suffered from complications from severe obesity including bilateral plantar fasciitis, sleep apnea, and pre-diabetes, on the Physical Capacities Evaluation form. AR 461. Moreover, Dr. Luh's entire treatment record including plaintiff's symptoms, diagnoses, and assessments is included in the record. AR 315-435, 443-59, 462-719. The ALJ erred by discounting Dr. Luh's opinion on the basis that Dr. Luh used a check-box form, particularly where the opinion was accompanied by Dr. Luh's treatment notes. *See*

*Garrison*, 759 F.3d at 1014 n.17. To the extent the ALJ also discounted Dr. Luh's opinion because it was inconsistent with the underlying records, as discussed below, this rationale also fails.

2. *Inconsistent with Objective Evidence and Dr. Luh's Treatment Notes*

Next, the ALJ gave limited weight to Dr. Luh's opinion on the basis that the opinion was inconsistent with the objective evidence and Dr. Luh's own treatment notes. AR 30-31. A physician's opinion of the level of impairment may be rejected because it is unreasonable in light of other evidence in the record. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Contradictions between a medical source's opinion and her own clinical notes and observations is a legally sufficient basis for rejecting the opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of a medical opinion which was internally inconsistent).

In this case, the ALJ did not identify which evidence was inconsistent with Dr. Luh's opinion or identify how Dr. Luh's opinion was internally inconsistent. AR 30-31. The ALJ merely concluded Dr. Luh's opinion was inconsistent, without stating a basis for that conclusion.

To reject a physician's opinion, an ALJ

> can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Garrison,* 759 F.3d at 1012 (internal quotation marks and citation omitted). And even considering the ALJ's discussion of Dr. Luh's treatment notes elsewhere in the opinion, *see* AR 25-26, "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve

the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Embrey,* 849 F.2d at 421.

      3.    *Opinions of Drs. Hander and Bernandez- Fu, Non-examining Physicians*

Third, the ALJ stated the opinions of Drs. Hander and Bernandez-Fu, who had the opportunity to review the record, "have greater persuasive value" than Dr. Luh. AR 30-31. Plaintiff argues Drs. Hander and Bernandez-Fu are non-examining physicians and only reviewed a limited record, not including the last two years of medical records. Dkt. 8 at 9. Defendant does not respond to this argument. *See* Dkt. 15.

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830 (citations omitted). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan,* 242 F.3d at 1149 (citing *Magallanes v. Bowen,* 881 F.2d 747, 752 (9th Cir. 1989)).

To the extent the ALJ rejected Dr. Luh's opinion, in favor of and as inconsistent with the opinions of Drs. Hander and Bernandez-Fu, the ALJ erred. The opinion of a non-examining doctor, such as Drs. Hander and Bernandez-Fu, cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician, and the ALJ did not cite to any other independent evidence in the record consistent with their opinions. *See Tonapetyan,* 242 F.3d at 1149 (internal citation omitted).

To the extent the ALJ rejected Dr. Luh's opinion on the grounds the doctor did not have the opportunity to review the record, the ALJ also erred. First, as plaintiff points, Drs. Hander

ORDER - 11

and Bernandez-Fu did not review the *entire* record, and did not review the last two years of records. AR 88-90 (Dr. Bernandez-Fu's opinion dated August 2014), 102-04 (Dr. Hander's opinion dated January 2015), 462-719. In addition, the ALJ points to nothing in the record indicating there are contrary medical test results or reports from a treating or examining doctor that undermines Dr. Luh's opinion. Instead, the ALJ simply provided a conclusory statement which as discussed above fails to achieve the level of specificity required to reject the opinion of an examining doctor.

4. *Harmless Error*

In the RFC assessment, the ALJ found that plaintiff could perform light work with the exception that plaintiff can only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl and can never climb ladders, ropes, and scaffolds. AR 24. If the ALJ had given full credit to Dr. Luh's opinion, the RFC would have included additional limitations in plaintiff's ability to work. *See* AR 460-61. The ALJ's error with respect to Dr. Luh's opinion is not harmless and requires reversal. *Stout*, 454 F.3d at 1055 (an error is harmless if it is not prejudicial to the claimant or inconsequential to the ALJ's ultimate nondisability determination).

II. The ALJ's Evaluation of Plaintiff's Subjective Symptom Testimony

Plaintiff argues the ALJ improperly rejected plaintiff's subjective symptom testimony. Dkt. 8 at 10-13. Plaintiff alleged limitations from physical pain, depression and anxiety. AR 62, 66, 68. Specifically, plaintiff testified he constantly lies down throughout the day due to pain caused by plantar fasciitis and arthritis in his knees. AR 62. Plaintiff testified he can stand 15 to 30 minutes and sit 10 to 15 minutes at a time before experiencing severe pain or numbness. AR 70. Plaintiff testified he has depression and anxiety which limit his ability to maintain attention and focus. AR 66, 72. Plaintiff testified he can follow a movie or TV show for 30 minutes at a time. AR 72.

The ALJ gave three reasons for his adverse finding: (1) plaintiff sought conservative treatment for his pain; (2) plaintiff's depression improved with medication; and (3) plaintiff's testimony is inconsistent with the objective medical evidence. AR 25-28.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider a claimant's prior inconsistent statements concerning symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

A. <u>Conservative Treatment and Improvement with Treatment</u>

The ALJ found plaintiff sought conservative treatment for his pain and this was inconsistent with plaintiff's testimony. AR 26. The ALJ also found plaintiff's depression improved with medication. AR 26, 28.

As an initial matter, the Court notes that plaintiff does not challenge the ALJ's finding that plaintiff only sought conservative treatment for his pain and that his depression improved with medication. Instead, plaintiff argues only that the ALJ erred by rejecting plaintiff's testimony because the ALJ failed to state what specific testimony he found credible and what evidence shows such testimony is not credible. Dkt. 8 at 10-13 (citing AR 23). As plaintiff does not challenge these reasons for discrediting his testimony, he has waived the argument. *See Bray*

*v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1226, n.7 (9th Cir. 2009) (an argument not raised in the plaintiff's opening brief was deemed waived).

Moreover, the ALJ's finding plaintiff sought conservative treatment is supported by substantial evidence. Relying on over-the-counter pain medication is an example of conservative treatment that "is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). Here, plaintiff received one shot of Cortisone injections and treated his pain with over-the-counter pain medication such as ibuprofen. AR 340-342 (Jacob Heck, DPM, administered one set of Cortisone injections to plaintiff's bilateral heels, advised plaintiff to ice his feet two to three times per day, recommended over-the-counter orthotics, shoes, arch supports, NSAIDs, and stretching); AR 328, 337, 344, 362, 372, 376, 407, 465, 490, 498 (plaintiff prescribed ibuprofen for pain and inflammation). There is evidence in one treatment note that plaintiff stated he could not afford Motrin. AR 457. However, plaintiff does not allege that he had a good reason for failing to seek more aggressive treatment. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("[A]lthough a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment."). This evidence also fails to indicate that pain was not treated conservatively or that plaintiff's testimony was consistent with his treatment plan.

The ALJ's finding plaintiff's depression improved with treatment is also supported by substantial evidence. AR 533-34 (plaintiff reported his mood was "much better"), AR 703 (Plaintiff reported he was "doing well[,]" his current doses of Bupropion and Trazodone were

"working well[,]" and he had been attending "a lot of therapy" which was "very helpful." Dr. Pamela Jean Edwards, M.D., reported plaintiff's depression to be in remission).

B. <u>Objective Medical Evidence</u>

The ALJ also found plaintiff's testimony was inconsistent with the objective medical evidence. AR 25-26. Determining a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999). However, a claimant's pain testimony may not be rejected "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc)); *see also Rollins*, 261 F.3d at 856; *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).

The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle*, 533 F.3d at 1164. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan*, 169 F.3d at 599.

Here, the ALJ reasonably construed the objective evidence in the record that plaintiff is not as limited as he alleged. AR 25-29. For example, in May 2014, x-rays of plaintiff's feet were within normal limits showing "quite good mineral content without acute injury or notable arthritic abnormalities" and x-rays of his knees demonstrated "minimal medial femorotibial joint space narrowing with minimal subchondral sclerosis of the medial tibial plateaus." AR 350-51.

In June 2014, three weeks prior to plaintiff's alleged onset date of July 1, 2014, a small plantar spur was noted and plaintiff presented with tenderness in his heels and his central and lateral insertions were minimally tender. AR 340-41.

However, plaintiff also exhibited 5/5 strength in his bilateral lower extremities, and had no arch pain in the distal medial band or with medial to lateral compression of his heels. AR 340-41. Plaintiff had full range of motion and no edema or erythema. AR 341. Plaintiff was not found to be in any apparent distress. AR 341. In a telephone encounter with Dr. Luh on June 14, 2014, and office visit on June 30, 2014, plaintiff complained of continued foot and knee pain, but there is no associated objective evidence. AR 343-44. Plaintiff was advised to take Motrin. AR 344.

Plaintiff argues the ALJ failed to identify *which* evidence contradicts plaintiff's testimony. Dkt. 8 at 10-14. However, the ALJ spent several pages of his decision describing plaintiff's testimony and explaining why the medical evidence contradicts the severity of his allegations. AR 25-29. The ALJ reasonably interpreted the objective evidence as contradictory to plaintiff's testimony as to the extent of his limitations. Even if a contrary interpretation could be deemed rational, the ALJ's at least equally rational interpretation suffices to uphold the decision. *See Tackett*, 180 F.3d at 1098; *Morgan*, 169 F.3d at 599. The Court concludes the ALJ articulated clear and convincing reasons for rejecting plaintiff's subjective complaints, and permissibly discounted his subjective symptom testimony.

III.   Plaintiff's Past Relevant Work

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the record did not contain any evidence of the VE's testimony that he could return to past relevant work as a sanitation worker and video rental clerk, or testimony that he could work as a parking lot cashier, laundry worker, and production assembler. Dkt. 8 at 3-4. At the time plaintiff filed his opening brief, the record did not contain testimony from the vocational expert. *See* Dkt. 6, 8,

12. A supplemental administrative record was filed which includes a transcript of the entire administrative hearing and all of the VE's testimony. Dkt. 12, AR 720-51.

The Court concludes the ALJ committed harmful error when he failed to address a portion of Dr. Mayers' opinion and in his consideration of Dr. Luh's opinion. *See* Sections I(A) and (B), *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess plaintiff's RFC on remand, he must also re-evaluate the findings at Step Four and Step Five to determine if plaintiff can perform the jobs identified by the VE in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

IV. <u>Remand for Further Proceedings</u>

Plaintiff argues that this case should be remanded for an award of benefits, or in the alternative, remanded for further administrative proceedings. Dkt. 8 at 13. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

A direct award of benefits would be warranted if the following conditions are met: First, the record has been fully developed; second, there would be no useful purpose served by conducting further administrative proceedings; third, the ALJ's reasons for rejecting evidence (claimant's testimony or medical opinion) are not legally sufficient; fourth, if the evidence that was rejected by the ALJ were instead given full credit as being true, then the ALJ would be

ORDER - 17

required on remand to find that the claimant is disabled; and fifth, the reviewing court has no serious doubts as to whether the claimant is disabled. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018); *Revels,* 874 F.3d at 668.

If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon,* 880 F.3d at 1045. If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing, the case should be remanded for further consideration. *Revels,* 874 F.3d at 668.

As discussed above, the ALJ failed to provide legally sufficient reasons for giving partial weight to Dr. Mayers' opinion and for giving limited weight to Dr. Luh's opinion. Accordingly, issues remain regarding the evidence in the record concerning plaintiff's functional limitations, and therefore serious doubt remains as to whether plaintiff is in fact disabled. Accordingly, remand for further consideration of those issues is warranted. Specifically, on remand, the ALJ must re-evaluate Dr. Luh's opinion and reconsider the entirety of Dr. Mayers' opinion and either credit it fully and account for all of the limitations in the RFC assessment, or provide legally sufficient reasons to discount it.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ erred in finding that plaintiff was not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 18th day of December, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 18